IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY GAY as the Wrongful Death Personal
Representative of the ESTATE OF RODNEY
LYNCH; RHONDA LYNCH, individually and on behalf
of L.N.L., a minor child; SHENALE
LEANN TSO, individually; MELANIE LYNN LYNCH,
Individually; and AMBER REE LYNCH, Individually,

       Plaintiffs,

vs.                                                Cause No. 1:21-cv-00604 LF/KK

JUSTIN OLVERA, in his individual capacity,
ELIJAH BOWMAN, in his individual capacity,
CITY OF GALLUP, a Municipal Corporation
of the State of New Mexico, and GALLUP
POLICE DEPARTMENT CHIEF OF POLICE,
FRANKLIN BOYD,

       Defendants.

**DEFENDANT JUSTIN OLVERA'S ANSWER TO PLAINTIFFS' AMENDED
COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, LOSS OF
CONSORTIUM AND THE WRONGFUL DEATH OF RODNEY LYNCH,
AFFIRMATIVE DEFENSES AND JURY DEMAND**

COMES NOW Defendant, Justin Olvera, by and through his counsel of record, YLAW, P.C. (Robert W. Becker, appearing), and by way of answer to Plaintiffs' Amended Complaint for Civil Rights Violations, Loss of Consortium and the Wrongful Death of Rodney Lynch, states the following:

**PRELIMINARY STATEMENT**

With respect to the allegations contained in the Preliminary Statement, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies those allegations but instead asserts at this time his privilege against

self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

## JURISDICTION AND VENUE

Defendant denies the first and second sentences of the Jurisdiction and Venue Paragraph based on Colorado River abstention. Defendant admits the third sentence of allegations of the Jurisdiction and Venue paragraph.

## PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. The allegations of Paragraph 9 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 9 are directed to this Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the first sentence of allegations of Paragraph 9 of the Complaint. Defendant admits the second sentence of allegations of Paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. The allegations of Paragraph 11 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 11 are directed to this Defendant, Defendant admits the allegations of Paragraph 11 of the Complaint.

12. The allegations of Paragraph 12 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 12 are directed to this Defendant, Defendant admits the allegations of Paragraph 12.

13. The allegations of Paragraph 13 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 13 are directed to this Defendant, Defendant admits the allegations of Paragraph 13.

## **FACTUAL ALLEGATIONS**

14. Defendant admits the allegations of Paragraph 14 of the Complaint.

15. Defendant admits the allegations of Paragraph 15 of the Complaint.

16. Defendant admits the allegations of Paragraph 16 of the Complaint.

17. With respect to the allegations contained in Paragraph 17 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his

privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

18. With respect to the allegations contained in Paragraph 18 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

19. With respect to the allegations contained in Paragraph 19 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

20. With respect to the allegations contained in Paragraph 20 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

21. With respect to the allegations contained in Paragraph 21 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

22. With respect to the allegations contained in Paragraph 22 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

23. With respect to the allegations contained in Paragraph 23 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. With respect to the allegations contained in Paragraph 27 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

28. With respect to the allegations contained in Paragraph 28 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his

privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

29. With respect to the allegations contained in Paragraph 29 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

30. Defendant admits the allegations of Paragraph 30 of the Complaint.

31. The allegations of Paragraph 31 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 31 are directed to this Defendant, Defendant admits the allegations of Paragraph 31.

32. The allegations of Paragraph 32 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 32 are directed to this Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint.

**COUNT I – EXCESSIVE USE OF FORCE IN VIOLATION
OF RODNEY LYNCH'S FOURTH AMENDMENT RIGHTS AND 42 USC § 1983**

33. Defendant repeats and realleges each and every answer to the previous allegations as if set forth at length herein.

34. With respect to the allegations contained in Paragraph 34 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

35. With respect to the allegations contained in Paragraph 35 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

36. With respect to the allegations contained in Paragraph 36 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

37. Defendant denies the allegations of Paragraph 37 of the Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Complaint.

39. With respect to the allegations contained in Paragraph 39 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

40. The allegations of Paragraph 40 of the Complaint allege a legal conclusion, not facts, to which no response is required, and are denied on that basis.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

## COUNT II – MUNICIPAL LIABILITY UNDER THE FOURTH AMENDMENT AND 42 USC § 1983 (CITY)

42. Defendant repeats and realleges each and every answer to the previous allegations as if set forth at length herein.

43. The allegations of Paragraph 43 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 43 are directed to this Defendant, the allegations of Paragraph 43 of Complaint allege a legal conclusion, not facts, to which no response is required, and are denied on that basis.

44. The allegations of Paragraph 44 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 44 are directed to this Defendant, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

45. The allegations of Paragraph 45 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 45 are directed to this Defendant, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

46. The allegations of Paragraph 46 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 46 are directed to this Defendant, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

47. The allegations of Paragraph 47 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 47 are directed to this Defendant, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

48. The allegations of Paragraph 48 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 48 are directed to this Defendant, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

49. With respect to the allegations contained in Paragraph 49 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

50. The allegations of Paragraph 50 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 50 are directed to this Defendant, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

51. The allegations of Paragraph 51 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 51 are directed to this Defendant, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

52. With respect to the allegations contained in Paragraph 52 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

53. The allegations of Paragraph 53 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 53 are directed to this Defendant, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

54. The allegations of Paragraph 54 allege a conclusion of law, not facts, to which no response is required, and are denied on that basis.

55. With respect to the allegations contained in Paragraph 55 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his

privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

56. With respect to the allegations contained in Paragraph 56 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

57. The allegations of Paragraph 57 of the Complaint are not directed to this Defendant. To the extent that it can construed that the allegations of Paragraph 57 are directed to this Defendant, Defendant denies the allegations of Paragraph 57 of the Complaint.

### COUNT III – SUPERVISORY LIABILITY UNDER THE FOURTH AMENDMENT AND 42 USC § 1983 (BOYD)

58. Defendant repeats and realleges each and every answer to the previous allegations as if set forth at length herein.

59. The allegations of Paragraph 59 of the Complaint are not directed to this Defendant. To the extent that it can be directed to this Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint.

60. The allegations of Paragraph 60 of the Complaint are not directed to this Defendant. To the extent that is can be construed that the allegations of Paragraph 60 are directed to this Defendant, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

61. The allegations of Paragraph 61 of the Complaint are not directed to this Defendant. To the extent that is can be construed that the allegations of Paragraph 61 are directed to this Defendant, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

62. The allegations of Paragraph 62 of the Complaint are not directed to this Defendant. To the extent that is can be construed that the allegations of Paragraph 62 are directed to this Defendant, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

63. The allegations of Paragraph 63 of the Complaint are not directed to this Defendant. To the extent that is can be construed that the allegations of Paragraph 63 are directed to this Defendant, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

64. The allegations of Paragraph 64 of the Complaint are not directed to this Defendant. To the extent that is can be construed that the allegations of Paragraph 64 are directed to this Defendant, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at

this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

65. The allegations of Paragraph 65 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 65 of the Complaint are directed to this Defendant, Paragraph 65 alleges a conclusion of law, not facts, to which no response is required, and are denied on that basis.

66. The allegations of Paragraph 66 of the Complaint are not directed to this Defendant. To the extent that it can be construed that the allegations of Paragraph 66 of the Complaint are directed to this Defendant, Defendant denies the allegations of Paragraph 66.

## COUNT IV – LOSS OF CONSORTIUM (RHONDA LYNCH AND MINOR CHILD, L.N.L.)

67. Defendant repeats and realleges each and every answer to the previous allegations as if set forth at length herein.

68. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint.

69. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint.

70. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the Complaint.

71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Complaint.

72. With respect to the allegations contained in Paragraph 72 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his

privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Complaint.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Complaint.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Complaint.

76. Defendant denies the allegations of Paragraph 76 of the Complaint.

77. With respect to the allegations contained in Paragraph 77 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

## **COUNT V – LOSS OF CONSORTIUM**
**(ADULT CHILDREN OF RODNEY LYNCH)**

78. Defendant repeats and realleges each and every answer to the previous allegations as if set forth at length herein.

79. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the Complaint.

80. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Complaint.

81. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 of the Complaint.

82. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the Complaint.

83. With respect to the allegations contained in Paragraph 83 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

84. With respect to the allegations contained in Paragraph 84 of the Complaint, Defendant has a reasonable apprehension that an answer thereto might tend to be incriminating and, therefore, he neither admits nor denies these allegations but instead asserts at this time his privilege against self-incrimination and invokes the Fifth Amendment in light of a potential criminal investigation of the matters giving rise to this lawsuit.

85. Defendant denies the allegations of Paragraph 85 of the Complaint.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**: The Court should abstain from hearing this suit and dismiss it based on Colorado River v. United States, 424 U.S. 800 (1976), abstention principles, as Plaintiffs have previously filed suit over the same incident in the Eleventh Judicial District, State of New Mexico, McKinley County, Cause No. D-1113-CV-2020-00359.

**SECOND AFFIRMATIVE DEFENSE**: Plaintiff's state law claims are subject to the defenses, limitations and immunities set forth in the New Mexico Tort Claims Act, 41-4-1 NMSA 1978 et seq., including but not limited to the limitations on damages of 41-4-19 A and B NMSA 1978.

**THIRD AFFIRMATIVE DEFENSE:** As a public service officer, Defendant is immune from civil liability as to the state law loss of consortium claims for reasonable measures taken under the Detoxification Reform Act pursuant to 43-2-19 NMSA 1978.

**FOURTH AFFIRMATIVE DEFENSE:** Defendant is entitled to qualified immunity from suit as to all federal claims asserted against him.

**FIFTH AFFIRMATIVE DEFENSE**: Plaintiffs' loss of consortium claims are barred or reduced due to the comparative negligence of the decedent or the comparative negligence of others over whom this Defendant exercised no authority or control.

**SIXTH AFFIRMATIVE DEFENSE:** Plaintiffs' loss of consortium claims for punitive damages, pre-judgment interest and attorney's fees are barred pursuant to 41-4-19 D NMSA 1978.

**SEVENTH AFFIRMATIVE DEFENSE**: The acts or omissions, if any, of Defendant were not a factor in bringing about Plaintiffs' claimed injuries and damages but were superseded by the acts or omissions of others which are independent, intervening and proximate causes of any injuries or damages allegedly suffered and for which this Defendant is not legally responsible.

**EIGHTH AFFIRMATIVE DEFENSE**: Plaintiffs' decedent's death was caused by a pre-existing condition.

Defendant reserves the right to assert additional affirmative defenses based upon what subsequent information and discovery may reveal.

## JURY DEMAND

Defendant requests a trial by jury on all issues so triable.

WHEREFORE, Defendant Justin Olvera respectfully requests that the Complaint against him be dismissed in its entirety with prejudice, and for such additional relief as this Court deems just and proper.

Respectfully submitted,

YLAW, P.C.

**/s/ Robert W. Becker**
Robert W. Becker
*Attorneys for Defendant Justin Olvera*
4908 Alameda Blvd NE
Albuquerque, NM 87113-1736
(505) 266-3995
rbecker@ylawfirm.com

**I HEREBY CERTIFY** that on the 13th
day of October, 2021, I filed the foregoing
electronically, which caused the following parties
to be served electronically:

William R. Keeler
Keeler & Keeler, LLP
235 West Historic Highway 66
Gallup, New Mexico 87301
(505) 722-5608
billkeeler@keelerandkeeler.com
*Attorneys for Plaintiff*

Thomas Lynn Isaacson
Mason & Isaacson, P.A.
104 E. Aztec Avenue
Gallup, NM 87301-6256
(505) 722-4463
tli@milawfirm.net
*Attorney for Defendants City of Gallup,
Elijah Bowman and Franklin Boyd*

*/s/ Robert W. Becker*