IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY GAY as the Wrongful Death Personal
Representative of the ESTATE OF RODNEY
LYNCH, RHONDA LYNCH, Individually and
On Behalf of L.N.L., a Minor Child, SHENALE
LEANN TSO, Individually, MELANIE LYNN
LYNCH, Individually, and AMBER REE LYNCH,
Individually,

       Plaintiffs,

vs.                                                                 Cause No. 1:21-CV-00604 JCH/KK

JUSTIN OLVERA, in his individual capacity,
ELIJAH BOWMAN, in his individual capacity,
CITY OF GALLUP, a Municipal Corporation
of the State of New Mexico and GALLUP POLICE
CHIEF FRANKLIN BOYD,

       Defendants.

**REPLY MEMORANDUM OF LAW OF DEFENDANTS CITY
OF GALLUP, ELIJAH BOWMAN, FRANKLIN BOYD AND
JUSTIN OLVERA FOR SUMMARY JUDGMENT (QUALIFIED
IMMUNITY AS TO FEDERAL CLAIMS)**

      COME NOW Defendants, City of Gallup, Elijah Bowman and Franklin Boyd, by and through their counsel of record, Mason & Isaacson, P.A. (Thomas Lynn Isaacson, appearing), and Defendant Justin Olvera, by and through his counsel of record, YLAW, P.C. (Robert W. Becker, appearing), and in reply to the response of Plaintiffs to the Defendants' Motion for Summary Judgment, state as follows.

**INTRODUCTION**

      This is a case where Plaintiffs split their causes of action, first litigating in the Eleventh Judicial District in McKinley County in Case No. D-1113-CV-2020-00359 and taking several

depositions, and now choosing to file federal claims in this court, and, thus, litigating the same event in two forums.

Here, in response to the motion of Defendants, Plaintiffs focus their response almost entirely on the City of Gallup's Policies and Procedures and the deposition testimony of members of the Gallup Police Department's Response to Resistance Board, charged with reviewing the use of force after the fact against policy, procedure and training. What Plaintiffs ignore is controlling Tenth Circuit law that such evidence is inadmissible on a claim for excessive force under the Fourth Amendment.

With respect to their arguments as to the state law loss of consortium claims that are appended to the federal excessive force claim, Plaintiffs make the same mistaken arguments that they have made in the state district court case. They argue that the Court of Appeals' decision in *State v. Becenti*, 2021-NMCA-060, _____ P.3d___, 2021 WL 3825209 is an unpublished, non-precedential opinion. *Becenti*, decided August 24, 2021, is a published decision and is precedential. The New Mexico Compilation Commission, the official legal publisher of the State of New Mexico, states that *Becenti* is a reported opinion, released for publication on November 9, 2021. See https://www.nmcompcomm.us and www.nmonesource.com link contained therein. It is also not in conflict with *State v. Ogden*, 1994-NMSC-029, 118 N.M. 234. 880 P.2d 845, as argued by Plaintiffs.

Finally, Plaintiffs' arguments that Rodney Lynch was not a threat to the safety of Public Service Officers Bowman and Olvera, and that Lynch was not actively resisting Bowman and Olvera's attempt to handcuff and place Lynch in the Detox Center, is simply not borne out by the video footage of the incident. In fact, such arguments are blatantly contradicted by the video footage. Lynch was resisting being unhandcuffed until Sergeant Martinez-Collins arrived. She

assisted Bowman and Olvera with getting Lynch handcuffed but within a matter of seconds, realized Lynch had become non-responsive. Lynch was therefore uncuffed, and CPR was immediately administered and continued until EMTs arrived. For the reasons that follow and those previously expressed, the Defendants' motion should be granted, and this case dismissed on the Court's docket.

**DEFENDANTS' REPLY TO PLAINTIFFS'
DISPUTE OF MATERIAL FACTS**

Defendants' reply to Plaintiffs' dispute of material facts will first focus on those facts pertinent to Plaintiffs' federal claims, those being Plaintiffs' designated numbers "5-12" and "17-25." Plaintiffs purport to support their disputes with deposition testimony taken in the state case of Billy Padavich (Exhibit E); Steven Collins (Exhibit H); Matthew Graham (Exhibit I); Neil Yazzie (Exhibit J); conclusions reached by Neil Yazzie and Matthew Graham on Olvera and Bowman's actions based on a review of the incident (Exhibits K and L); and employment actions taken by Chief Boyd as to Olvera and Bowman (Exhibits O and P). They also purport to support their disputes of material fact with opinion testimony from an expert, Scott DeFoe (Exhibit F). Defendants address Plaintiffs' so-called evidence as follows.

    **A.**    **Padavich, Collins, Graham, and Yazzie's Testimony (Plaintiffs' Exhibits E, H, I and J)**

These individuals comprised the Response to Resistance Board, who reviewed the use of force. They opined on whether the use of force was within City of Gallup Police Department Policies and Procedures, as instructed and trained. *See* Franklin Boyd Deposition attached hereto, Exhibit 12(1), p. 38:ll.7-8; Billy Padavich Deposition, Exhibit 12(2), p. 9:l.15 – p. 12:l.3; Matthew Graham Deposition, Exhibit 12(3), p. 20:ll.6-9; Neil Yazzie Deposition, Exhibit 12(4), p. 10:ll.6-15; and Steven Collins deposition, Exhibit 12(5), p. 32:ll.9-20. This testimony is

irrelevant and inadmissible on whether the force used by Bowman and Olvera was excessive as to Plaintiffs'§ 1983 claim. *See Tanberg v. Sholtis*, 401 F.3d 1151, 1161-1167 (10th Cir. 2005) ("This Court has consistently held that the violation of police regulations is insufficient to ground a § 1983 action for excessive force."); *Mata v. Farmington*, 798 F.Supp.2d 1215, 1234 (D.N.M. 2011), *quoting Jonas v. Board of County Commissioners of Luna County*, 699 F.Supp.2d 1284, 1299 (D.N.M. 2010) ("The clearly established law does not permit a plaintiff to establish a constitutional violation with evidence that the officers violated SOPs and their training. The clearly established law requires the exclusion of any evidence regarding the violation of SOPs and training, because such evidence is irrelevant to Fourth Amendment inquiry."). Plaintiffs' dispute, premised on this testimony, is, therefore, not material to Defendants' motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed 202 (1986) (finding that a party opposing a properly supported motion for summary judgment must offer evidence, in *admissible* form, of specific facts) (emphasis added).

**B. Conclusions Reached by Neil Yazzie and Matthew Graham (Plaintiffs' Exhibits K and L)**

Exhibits K and L of Plaintiffs' response consist of the opinions and conclusions of Neil Yazzie and Matthew Graham on a form where they indicate that the use of force was not within policy. Such conclusions are irrelevant, inadmissible, and therefore not material to Defendants' motion. *Tanberg*, *supra*; *Mata*, *supra*; *Anderson v. Liberty Lobby, Inc., supra*.

**C. Opinions of Use of Force Expert Scott DeFoe (Plaintiffs' Exhibit F)**

Plaintiffs' use of force expert's opinions can be summed up as follows: "[i]t is my opinion based on my review of the facts, videos and testimony in this matter, the incident at NCI that led to the death of Mr. Rodney Lynch could have been prevented if Elijah Bowman had followed the Gallup Police Department's Policies and Procedures." *See* Plaintiffs' Response,

4

Scott DeFoe Declaration, Exhibit F, ¶ 4. Mr. DeFoe's opinion in this regard is irrelevant and inadmissible. *Tanberg*, *supra*; *Mata*, *supra*. The opinion is, therefore, not material to Defendants' motion. *Liberty Lobby, Inc., supra*.

Mr. DeFoe also offers an opinion that Bowman and Olvera used inappropriate and excessive force in that there was no crime committed by Lynch, Lynch was not actively resisting, and Bowman and Olvera failed to request additional resources and properly de-escalate the situation. *See* Plaintiffs' Response, DeFoe Declaration, Exhibit F, ¶¶ 7-9. This is nothing more than rank speculation by an expert on an ultimate issue of law, devoid of any factual basis, but assumedly, based on what Mr. DeFoe considers to be accepted police practice. Such opinions are irrelevant and inadmissible. *See Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1998), *citing*, *Marx v. Diners' Club, Inc.*, 550 F.2d 505 (2nd Cir.), *cert. denied*, 434 U.S. 861, 98 S. Ct. 188, 54 L. Ed. 2d 134 (1977) (holding that an expert witness may not give an opinion on ultimate issues of law). *See also Mata*, 798 F.Supp.2d at 1232, *citing*, *Romero v. Bd. of County Comm'rs*, 60 F.3d 702, 705 (10th Cir. 1995; *Wilson v. Meeks*, 52 F.3d 1547, 1554 (10th Cir. 1995); and *David v. Scherer*, 468 U.S. 183, 194-96, 104 S. Ct. 3012, 82 L.Ed.2d 139 (1984) (finding opinions on standard police practice are inadmissible on a § 1983 excessive force claim).

The opinions of Mr. DaFoe are also irrelevant and inadmissible because they are premised on the availability of less intrusive measures, which are likewise, irrelevant and inadmissible. *Jonas v. Bd. of Comm'rs of Luna County*, 699 F.Supp.2d at 1296 (*discussing Marquez v. City of Albuquerque*, 399 F.3d 1216 (10th Cir. 2005) and *Medina v. Cram*, 252 F.3d 1124 (10th Cir. 2001)). Mr. DeFoe's opinions are, therefore, not material to Defendants' motion. *Liberty Lobby, Inc., supra*.

### D. Notice of Intent to Release Olvera (Plaintiffs' Exhibit O) and Notice of Intent to Suspend Bowman (Plaintiffs' Exhibit P)

Exhibits O and P are based on alleged policy violations. These documents are irrelevant and inadmissible. *Tanberg*, *supra*; *Mata*, *supra*. Consequently, they are not material to Defendants' motion. *Liberty Lobby, Inc., supra*.

### E. Plaintiffs' Dispute of Defendants' Material Fact 4 (Plaintiffs' 1-4, Exhibits A-C)

Plaintiffs' dispute as to Defendants' Material Fact 4 relates to Plaintiffs' state law loss of consortium claims. The exhibits Plaintiffs use to dispute the material fact consist of: (1) a brief filed in 2017 in *City of Gallup v. Hart* (Exhibit A); (2) a 2017 affidavit from Gallup City Manager Maryann Ustick (Exhibit B); and (3) a recent affidavit from John Allen (Exhibit C) based on personal knowledge from three (3) years prior to this incident and three (3) years prior to the 2019 amendment to the Detoxification Reform Act. That amendment, effective June 14, 2019, added "public service officers" as "authorized persons" who can transport a publicly intoxicated or incapacitated persons to a Detox or Detention Center. The amendment also designated public service officers as "civilian employees" of a police department, and distinguished them from police officers under the Act. *See* NMSA 1978, § 43-2-2B and L.

It is Defendants' position that Bowman and Olvera are not law enforcement officers for Tort Claims Act purposes based on the holding of *State v. Becenti* that public service officers do not maintain public order; thus, state law claims for loss of consortium, being derivative in nature, are not actionable. This issue is currently being litigated in the state court action where briefing is complete and before the state district court for decision. Defendants attach their reply brief in the state court action, minus the exhibits, at Exhibit 13 hereto, that addresses issues raised by Plaintiffs that *Becenti* is unpublished, not precedential, conflicts with *State v. Ogden*,

and the City of Gallup is barred by the principle of judicial estoppel from changing its position. For the reasons set forth in Exhibit 13, Plaintiffs misstate *Becenti's* status as an unpublished, non-precedential opinion, *Becenti* does not conflict with *Ogden*, and the City of Gallup is not barred by judicial estoppel on whether public service officers, formerly designated as community service aides, are law enforcement officers due to the 2019 change in the law to the Detoxification Reform Act. Plaintiffs' Exhibits A-C are, therefore, not material to Defendants' motion as based on law that is no longer controlling. *Liberty Lobby, Inc., supra*.

## ARGUMENT

### I. Defendants' Statement of Material Facts Should be Deemed Admitted. The Court Should Therefore Grant Defendants' Motion for Summary Judgment.

Rule 56(e) of the Federal Rules of Civil Procedure permits the Court to consider Defendants' statement of material facts as undisputed for purposes of Defendants' motion, where Defendants have demonstrated, pursuant to Rule 56(c)(2), why Plaintiffs disputes as to the material facts are irrelevant and inadmissible.

Justice Neil Gorsuch, then a Tenth Circuit Judge, aptly summarized a party's obligation in opposing summary judgment:

> [W]hile *Celotex* indicates the form of evidence produced by a non-moving party at summary judgment may not be admissible at trial, the content or substance of the evidence must be admissible. . . so it is that although evidence presented in the form of an affidavit can be 'converted' in form to live testimony at trial, the content or substance of the affidavit must otherwise be admissible. . .

*Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1210 (10th Cir. 2010), *citing*, *Thomas v. IBM*, 48 F.3d 478, 485 (10th Cir. 1995) (commenting on what the seminal case of *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) requires at the summary judgment stage).

Defendants have demonstrated why the content or substance of Plaintiffs' evidence in opposing Defendants' motion for summary judgment is inadmissible as to Plaintiffs § 1983 excessive force claim. Violation of policies and procedures is not admissible. Failure to follow training and instruction is not admissible. Failure to adhere to standard practice is not admissible. An expert's opinions on ultimate issues of law are not admissible. Reliance on evidence based on outdated law is also not admissible. That is the sum and substance of Plaintiffs' opposition to Defendants' motion.

Given the fact that Plaintiffs have split their case between this Court and the district court in McKinley County, and the fact that Plaintiffs have had ample opportunity to conduct discovery in the state court action, this Court should not provide Plaintiffs with an opportunity to properly support their opposition to Defendants' motion pursuant to Rule 56(e)(1). They have had their opportunity. Rather, the Court should grant the Defendants summary judgment pursuant to Rule 56(e)(3) because the Defendants have shown they are entitled to it.

Mr. Lynch was extremely publicly intoxicated. Intoxicated persons are unpredictable. Lynch actively resisted Bowman. Once he was placed in Bowman's transport vehicle, he exhibited aggressive behavior and stated that he was going to fight the person who got him out of the transport van when he reached the Detox Center. This information was relayed by a ride along, Vincent Pete, to Bowman, as Pete witnessed Lynch's actions in the transport van and overheard Lynch's threat. When they arrived at the Detox Center, Bowman advised Olvera what had transpired at the Gallup Mall and the threat made by Lynch. When Olvera opened the back of the transport van, Lynch made an aggressive move toward Olvera's face.

Under the totality of these circumstances, Lynch could lawfully be taken to the ground, and Olvera and Bowman were within their rights to do so in an attempt to handcuff Lynch for

their personal safety. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1254 (10th Cir. 2007), *citing*, *United States v. Perdue*, 8 F.3d 1455, 1462 (10th Cir. 1993) (collecting cases).

Mr. Lynch resisted being handcuffed, keeping his arms and hands underneath his body. It was not until Sergeant Martinez-Collins arrived that Mr. Lynch was able to be handcuffed, which, with Sergeant Martinez-Collins' assistance, occurred within approximately 33 seconds of her arrival. Camera 29 Video Footage, Exhibit 7, at 19:56:20-19:56:53. Within seconds of handcuffing, Sergeant Martinez-Collins then realized that Lynch had become unresponsive. *See* Camera 29 Video Footage, Exhibit 7, at 19:57:08 (depicting Sgt. Martinez-Collins calling on the radio for medical assistance). Lynch was uncuffed, turned over, and first aid was administered to Lynch.

Plaintiffs' own witness, Captain Billy Padavich, supported the taking of Lynch to the ground. *See* Captain Billy Padavich Deposition, Exhibit 14 attached hereto, p. 20:ll.1-5 ("[T]here was an arm that was raised, the threat that Mr. Olvera perceived that he was going to hit him. So would taking somebody down to the ground be appropriate at that point for that part of the use of force, yes it would be."). Another of Plaintiffs' witnesses, Officer Matthew Graham, added, "you have them in a prone down position in handcuffing, that's where everything leads to, that's what you want, get them handcuffed, sit them up." *See* Matthew Graham Deposition, Exhibit 15 attached hereto, p. 9:ll.4-6. That is what Bowman and Olvera were trying to accomplish but unfortunately, Lynch actively resisted their attempts to handcuff him. *See* Franklin Boyd Deposition, Exhibit 16 attached hereto, p. 70:ll.2-4, where Chief Boyd acknowledges that Lynch was actively resisting the officers.

Captain Padavich recognized, "[w]hen you get out to the street it's a little bit different, things are sort of uncertain, they're evolving, they're dynamic." Padavich Deposition, Exhibit

9

14, p. 20:ll.11-13.  This is precisely why Plaintiffs' evidence in opposition to Defendants' motion is irrelevant and inadmissible.  *See Graham v. Connor*, 490 U.S. 386, 396-97, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . .  The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving about the amount of force that is necessary in a particular situation.").  As the Tenth Circuit recognized in *Estate of Larson ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1260 (10th Cir. 2008), "even if an officer reasonably, but mistakenly, believed that a suspect was likely to fight back, the officer would be justified in using more force than in fact was needed" (*quoting Saucier v. Katz*, 523 U.S. 194, 205, 121 S. Ct. 2151, 150 L. Ed.2d 272).  There was not a mistaken belief that Lynch would fight back. Lynch stated that was his intention, and this intention was relayed to Olvera.

It is one thing to say you should stay off someone's back as Plaintiffs argue.  It is quite another thing, however, to accomplish that when you are trying to handcuff an extremely strong individual like Lynch who wants to fight with you and has the means and ability to do so. [1]

---

[1] Plaintiffs continue to argue that Olvera used a chokehold on Lynch.  The video footage does not establish it, as acknowledged by Officer Graham (Q:  And your opinion, was a chokehold applied to Mr. Lynch?  A:  From my point of view, I couldn't really say whether or not there was an actual grip given on there.  I know there was an arm underneath, there was a sprawl.  I can't really determine without a better view of the camera to say if there was a tight grip.)  *See* Graham Deposition, Exhibit 15, p. 10:ll.2-8.  Even assuming there was a chokehold, however, which is denied, there is no clearly established case law that a chokehold on a resisting and uncuffed subject is per se unreasonable under the Fourth Amendment, only that it is unreasonable when applied to a subject who is handcuffed and non-resistant.  *See Estate of Booker v. Gomez*, 745 F.3d 405, 425 (10th Cir. 2014), citing cases from various jurisdictions that hold that a carotid restraint (chokehold) is excessive when applied to a *non-resisting* subject.  (emphasis added).  Indeed, the United States District Court for the District of New Mexico has recognized that a law enforcement officer's use of choke tactics on a resisting individual does not constitute excessive force.  *See Tanner v. San Juan Cty. Sheriff's Off.*, 864 F. Supp. 2d 1090, 1137 (D.N.M. 2012) ("Frazier's placing of his flashlight against D. Tanner's throat for approximately ten seconds would not have constituted excessive force to a reasonable officer in Taylor's position.").  Here, the video does not establish when, in the struggle with Lynch, Olvera utilized what Plaintiffs nakedly argue was a chokehold. Under these circumstances, Olvera is entitled to qualified immunity due to lack of clearly established law.

## CONCLUSION

For the reasons stated herein and those expressed in Defendants' initial moving papers, Defendants' motion for summary judgment should be granted.

Respectfully submitted,

MASON & ISAACSON, PA

**/s/ Thomas Lynn Isaacson**
Thomas Lynn Isaacson
*Attorneys for Defendants City of Gallup, Elijah Bowman and Franklin Boyd*
104 E. Aztec Avenue
Gallup, NM 87301-6256
(505) 722-4463
tli@milawfirm.net

YLAW, P.C.

**/s/ Robert W. Becker**
Robert W. Becker
*Attorneys for Defendant Justin Olvera*
4908 Alameda Blvd NE
Albuquerque, NM 87113-1736
(505) 266-3995
rbecker@ylawfirm.com

**I HEREBY CERTIFY** that on the 13th day of December, 2021, I filed the foregoing electronically through the CM/ECF filing system which caused the following parties to be served electronically:

William R. Keeler
Keeler & Keeler, LLP
*Attorneys for Plaintiffs*
235 West Historic Highway 66
Gallup, New Mexico 87301
(505) 722-5608
billkeeler@keelerandkeeler.com

**/s/ Robert W. Becker**