# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JEREMY GAY as the Wrongful Death Personal
Representative of the ESTATE OF RODNEY LYNCH,
RHONDA LYNCH, Individually and on behalf
of L.N.L., a Minor Child, SHENALE LEANN TSO,
Individually, MELANIE LYNN LYNCH, Individually,
and AMBER REE LYNCH, Individually,

                                  Plaintiffs,

vs.                                                                                     No. 1:21-cv-00604-KK

JUSTIN OLVERA, in his individual capacity,
ELIJAH BOWMAN, in his individual capacity,
CITY OF GALLUP, a Municipal Corporation
of the State of New Mexico, and GALLUP
POLICE CHIEF FRANKLIN BOYD,

                                  Defendants.

## ORDER APPROVING SETTLEMENT ON BEHALF OF MINOR

THIS MATTER is before the Court on the parties' Joint Motion for Fairness Hearing to Approve a Settlement Involving a Minor Child (Doc. 40), filed May 23, 2022, the Guardian ad Litem Report (Doc. 47), filed June 29, 2022, and the Supplemental Guardian ad Litem Reports (Doc. 48 and Doc. 50), filed on July 11 and July 21, 2022. The Court held a sealed fairness hearing on the record on July 14, 2022. (Doc. 49.)

"A trial court in an action involving minor children has a special obligation to see that they are properly represented, not only by their own representatives, but also by the court itself." *Garcia v. Middle Rio Grande Conservancy Dist.*, 664 P.2d 1000, 1006 (N.M. App. 1983) (citations omitted), *overruled on other grounds by Montoya v. AKAL Sec., Inc.*, 838 P.2d 971, 974 (N.M. 1992). "It is well-settled law that when the case involves children, the trial court has broad authority to fashion its rulings in [the] best interests of the children." *Chisholm v. Rueckhaus*, 948

P.2d 707, 712 (N.M. App. 1987). "In passing upon settlements dealing with claims or rights of minors, the court must determine whether the approval of a compromise would be in the best interests and welfare of the minor child." *Garcia*, 664 P.2d at 1006. "[W]hen a settlement involving minors is presented to a court for approval and the information before the court indicates that the settlement is not fair to the minor, the court must reject the settlement." *Shelton v. Sloan*, 977 P.2d 1012, 1020 (N.M. App. 1999).

In reviewing the fairness of the settlement entered into by the parties herein, the Court has been guided by the following factors:

> (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and, (4) the judgment of the parties that the settlement is fair and reasonable.

*Jones v. Nuclear Pharm., Inc.*, 741 F.2d 322, 324 (10th Cir. 1984) (hereinafter "*Jones* factors"). The Court has reviewed the original and supplemental reports of the Guardian ad Litem for the minor child, and all other pleadings filed on the docket in this case. The Court has also considered the fairness hearing presentations of the parties' attorneys, Plaintiff Jeremy Gay, Esq. as Personal Representative, the Guardian ad Litem, and the sworn testimony of Plaintiff Rhonda Lynch who is the parent of the minor child. Collectively, the original and supplemental reports of the Guardian ad Litem are thorough, detailed, and comprehensive in describing the steps the Guardians ad Litem took and the documents he reviewed in investigating the settlement's fairness and making his reports to the Court. Additionally, the Guardian ad Litem's report specifically addresses each of the *Jones* factors identified above and he proposes that the minor's settlement proceeds be held for her sole benefit in a custodial savings account until she reaches the age of majority.

The Court, being fully advised in the premises, hereby FINDS as follows:

1. The Court has jurisdiction over the parties and subject matter herein.

2. Plaintiffs Gay and Rhonda Lynch fully understand the terms of the settlement and the proposed distribution of funds as it relates to the minor child.

3. The settlement entered into by the parties is fair, reasonable, and in the minor child's best interest, and should be approved and confirmed by the Court.

4. With respect to the *Jones* factors, the Court specifically finds that: (a) the settlement herein was negotiated honestly and fairly; (b) serious questions of law and fact place the ultimate outcome of the litigation in doubt; (c) the value of a swift and certain recovery outweighs the possibility of greater future relief after lengthy and costly litigation; and, (d) the settlement is fair and reasonable in the judgment of the parties and in its effect in light of the minor child's own claims, the estate's claims, and the damages in the case, Defendants' defenses, the burdens of ongoing litigation, and the unpredictability of a trial.

5. The attorney's fees and distribution of settlement funds proposed in the Guardian ad Litem Report (Doc. 47) is in all respects fair, proper, reasonable, and in the best interest of the minor child.

6. Deposit of the minor's settlement proceeds into a custodial savings account to be held for the sole benefit of the minor child, as proposed by the Guardian ad Litem, is an essential condition of this Court's approval of the settlement. The Guardian ad Litem's recommendation in this regard is fair, proper, reasonable, and in the best interest of the minor child, in light of her age at the time of this settlement approval.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED as follows:

1. The parties' Joint Motion for Fairness Hearing to Approve a Settlement Involving a Minor Child (Doc. 40) is GRANTED, and the settlement entered into by the parties is hereby APPROVED.

2. All funds from the settlement for the minor child shall be deposited into a custodial savings account which shall be held for the sole benefit of the minor and administered in accordance with the Guardian ad Litem's recommendation.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent